UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-277 (NEB/TNL) |
| Plaintiff, | |
| v. | **THIRD AMENDED ARRAIGNMENT NOTICE & CASE MANAGEMENT ORDER** |
| Mekfira Hussein *et al.*, | |
| Defendants. | |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendants Mekfira Hussein and Abduljabar Hussein's Third Motion for Extension of Time to Make Defense Disclosures and Pretrial Motions, ECF No. 65. A hearing was held on December 7, 2023. *See generally* ECF No. 68. Harry Jacobs appeared on behalf of the Government. Jason Steck appeared on behalf of Mekfira Hussein. Debra Jean Hilstrom appeared on behalf of Abduljabar Hussein.

This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 41. In their motion, Defendants state, among other things, that "[d]efense counsel has not yet been able to complete the process of organizing and evaluating [the Government's disclosures] sufficiently to permit subsequent identification and organization of all documents disclosable under Fed. R.

1

Crim. P. 16(b)(1)(A)" due to the volume and complexity of the materials. ECF No. 65 at 1. Defendants also anticipate retaining a forensic accountant to analyze "the flow of funds through Defendants' and others' bank accounts." ECF No. 65 at 2. Defendants request that the defense-disclosure deadline and the deadline for filing pretrial motions be extended to January 15, 2024, with concomitant adjustments to the remaining deadlines.

At the hearing, the Court expressed some concern about the progression of this case, noting that it has now been pending for almost a year since the schedule was initially set in November 2022. *See generally* ECF No. 51. Mekfira Hussein explained that there are extensive bank records to be reviewed and analyzed, and she has, at times, requested additional information from the Government. Mekfira Hussein further explained that she was close to completing her review and determining the motions she intended to file. Abduljabar Hussein explained that he has sought additional information from the Government, including transcripts from a related state-court matter and computer data for certain individuals. The Government took no position on the duration of the requested extension, but commented that the extension appeared to be directed more toward trial preparedness than the filing of pretrial motions. Mekfira Hussein replied that a complete review of the disclosures was necessary so that she could determine whether, for example, a motion for a bill of particulars should be filed.

Bearing in mind the complexity of this case, the voluminous discovery, the absence of any objection to the requested continuance, and the record made at the hearing, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and

a continuance, though not for the full amount requested, is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Third Motion for Extension of Time to Make Defense Disclosures and Pretrial Motions, ECF No. 65, is **GRANTED IN PART** and **DENIED IN PART**.

2. As to Defendants Mekfira Hussein and Abduljabar Hussein, an arraignment hearing will be held before the undersigned on **March 4, 2024, at 1:30 p.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

3. On or before November 28, 2022, the Government shall begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 20, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by January 20, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

4. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

5.     Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **January 9, 2024**. *See* D. Minn. LR 12.1(a)(2).

6.     The Court has also issued an Order on Pretrial Disclosure & Preservation, ECF No. 50, which "proactively addresses certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 50 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 50 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 50 at 3. **Before filing any pretrial motions, a party shall consult the Order on Pretrial Disclosure & Preservation.**

7.     All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 9, 2024**.[1] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[2]

---

[1]     "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[2]     U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

4

8. **Counsel must electronically file a letter on or before January 9, 2024, if no motions will be filed and there is no need for hearing**.

9. All responses to motions must be filed by **February 20, 2024**. *See* D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses must be filed by **February 20, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

11. Any Responsive Notice of Intent to Call Witnesses must be filed by **February 26, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

13. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **March 4, 2024, at 1:30 p.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

14. **TRIAL:**

   a. **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

5

All voir dire questions, **motions for counsel to participate in voir dire**, and jury instructions must be submitted to District Judge Nancy E. Brasel on or before **February 12, 2024**.

This case must commence trial on **February 26, 2024, at 9:00 a.m.**, before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

15. The period of time from **the date of this Order through January 9, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

16. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

17. All prior consistent orders relating to the Indictment remain in full force and effect.

18. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: December 8, 2023

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Hussein et al.*
Case No. 22-cr-277 (NEB/TNL)