UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-277 (NEB/TNL) |
| Plaintiff, | |
| v. | **FOURTH AMENDED ARRAIGNMENT NOTICE & CASE MANAGEMENT ORDER** |
| Mekfira Hussein *et al.*, | |
| Defendants. | |

---

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendants Mekfira Hussein and Abduljabar Hussein's Fourth Motion for Extension of Time, ECF No. 73.[1]

This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 41. On December 7, 2023, the Court held a hearing on Defendants' prior motion for an extension of time and subsequently issued the Third Amended Arraignment Notice & Case Management Order, setting a deadline of January 9, 2024 for Defendants' disclosures and the filing of pretrial motions. *See*

---

[1] In full, Defendants' motion is titled "Fourth Motion for Extension of Time, Motion for Early Expert Disclosure, and Motion for Other Discovery Relief." The Court considers only the request for an extension at this time. Defendants were directed by the Clerk's Office to file the requests for early expert disclosure and other discovery relief as separate motions and have done so. *See generally* ECF Nos. 74, 75. The Court considers these to be pretrial motions and will address them in the ordinary course following any response from the Government and the hearing as set forth in the operative case management order.

1

*generally* ECF Nos. 68, 69.  Approximately one week after the hearing, the Government advised that supplemental disclosures were available.  ECF No. 73 at 3.  These supplemental disclosures "contained more than 300,000 additional pages, including a large number of additional bank records and e-mails, each of which requires a laborious process to review."  ECF No. 73 at 3.  Defendants request that the January 9 deadline be extended to April 12 with concomitant adjustments to the remaining deadlines.

In their motion, Defendants state that "[t]he Government takes no position [on] the request for extension of time."  ECF No. 73 at 4.  In the Court's Third Amended Arraignment Notice & Case Management Order, the Court stated that "any response to . . . a [party's] request [to modify the schedule] shall be filed within three days."  ECF No. 69 at 6.  No response has been filed.[2]

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of any objection to the requested continuance, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and a continuance, though not for the full amount requested, is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.  Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Fourth Motion for Extension of Time, ECF No. 73, is **GRANTED**.

---

[2] The Government was put on notice of Defendants' motion when it was initially filed on January 4, 2024.  *See generally* ECF No. 70.

2.As to Defendants Mekfira Hussein and Abduljabar Hussein, an arraignment hearing will be held before the undersigned on **June 13, 2024, at 1:30 p.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

3.On or before November 28, 2022, the Government shall begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 20, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by January 20, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

4.Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

5.Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **April 12, 2024**. *See* D. Minn. LR 12.1(a)(2).

6.The Court has also issued an Order on Pretrial Disclosure & Preservation, ECF No. 50, which "proactively addresses certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to

introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 50 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 50 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 50 at 3. **Before filing any pretrial motions, a party shall consult the Order on Pretrial Disclosure & Preservation.**

7.  All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **April 12, 2024**.[3] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[4]

8.  **Counsel must electronically file a letter on or before April 12, 2024, if no motions will be filed and there is no need for hearing**.

9.  All responses to motions must be filed by **May 24, 2024**. *See* D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses must be filed by **May 24, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

---

[3] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[4] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

4

11. Any Responsive Notice of Intent to Call Witnesses must be filed by **May 31, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

13. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **June 13, 2024, at 1:30 p.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

14. **TRIAL: The trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

15. The period of time from **the date of this Order through April 12, 2024**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

16. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

17. All prior consistent orders relating to the Indictment remain in full force and effect.

18. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January  12 , 2024               s/ Tony N. Leung
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *United States v. Hussein et al.*
                                       Case No. 22-cr-277 (NEB/TNL)